DISTRICT OF OREGON
**F I L E D**
July 12, 2023
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Justin Hwang**,<br><br>       Debtor. | Case No. 22-31908-dwh7 |
| **Pegg Investment Co.**,<br><br>       Plaintiff,<br><br>    v.<br><br>**Justin Hwang**,<br><br>       Defendant. | Adversary Proceeding No. 23-03017-dwh<br><br>**MEMORANDUM DECISION DECLINING LODGED JUDGMENT WITH MONEY AWARD** |

For the following reasons, the court will not enter the judgment lodged on or about May 31, 2023.[1]

Under Federal Rule of Civil Procedure (Civil Rule) 8(a)(3), a complaint must contain a demand for the relief the plaintiff seeks in the complaint.

---

[1] ECF No. 15.

Page 1 of 3 – MEMORANDUM DECISION DECLINING LODGED etc.

Under Civil Rule 54(c), a judgment by default may not differ in kind from what is demanded in the pleadings.

A dischargeability action requests that a debt be determined to be nondischargeable, and the complaint may, but need not, also request entry of a money judgment for amount of the nondischargeable debt. If the debt was not reduced to judgment before the petition date and the plaintiff elects not to liquidate the debt in the dischargeability action, the plaintiff, if successful, may do so in a nonbankruptcy forum after termination of the automatic stay.

Here, Pegg Investment Co.'s complaint alleges that debtor, Justin Hwang, owes it a nondischargeable debt of not less than $441,000, and the complaint's prayer asks for a declaration that the debt is nondischargeable.[2] The complaint does not ask for a money judgment.

Attached to the complaint is a copy of Pegg's state-court complaint against Hwang and others, which Pegg incorporates by reference. The state-court complaint requests judgment with a money award. But that incorporation by reference does not constitute a request for a money award in the dischargeability action. If anything, it is consistent with Pegg having decided, when it filed the bankruptcy complaint, to seek a determination of nondischargeability and then return to state court to seek entry of a money-award judgment there.

---

[2] ECF No. 1 ¶ 22.

Pegg's lodged default judgment would enter a money judgment against Hwang. It would thus include relief different from the relief demanded in the complaint.

None of the cases Pegg cited addresses language that must be in a dischargeability complaint to support a money-award judgment. In *Deitz v. Ford (In re Deitz)*,[3] the court held that a bankruptcy court has authority to enter a judgment with a money award; here, that authority is not at issue. In both *Cowen v. Kennedy (In re Kennedy)*[4] and *Baskin-Robbins Franchising LLC v. Chun*,[5] the complaints did seek awards of damages, unlike the complaint here. In *The California Beach Co., LLC v. Han Xian Du*,[6] the court acknowledged that the purpose of Civil Rule 54(c) is to put a defendant on notice of "the damages being sought;" here, the complaint doesn't do that.

Pegg may either lodge a revised judgment that does not include a money award (including any award of interest) but determines only that the debt is nondischargeable, or Pegg may amend and re-serve the complaint with a request for a money award. If Pegg does neither within 28 days, the court will fashion and enter a judgment.

### # #

---

[3] 469 B.R. 11, 14–15 (9th Cir. B.A.P. 2012).
[4] 108 F.3d 1015, 1016 (9th Cir. 1997).
[5] No. 18-CV-05476-BLF, 2019 WL 3207777, at *7 (N.D. Cal. July 16, 2019).
[6] No. 19-CV-08426-YGR (LB), 2020 WL 6276987, at *7 (N.D. Cal. Aug. 13, 2020).